UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JASMIN BINDOM, ET AL.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-4796** |
| **MCNEIL-PPC, INC., ET AL.,**<br>    **Defendants** | **SECTION "E"** |

**ORDER**

Before the Court is Plaintiffs' motion to remand,[1] which Defendants oppose.[2] At the time Defendants removed this action, Plaintiffs had not completed the medical review panel process necessary before filing suit against the non-diverse Defendants, Dr. Louis Bevrotte and Children's Hospital. La. Rev. Stat. Ann. § 40:1299.47. The non-diverse Defendants were therefore improperly joined at the time of removal. *Senia v. Pfizer, Inc.*, 2006 WL 1560747, at *3 (E.D. La. 2006); *see Holder v. Abbott Labs., Inc.,* 444 F.3d 383 (5th Cir. 2006); *Melder v. Allstate Corp.,* 404 F.3d 328 (5th Cir. 2005).

Plaintiffs have, however, now completed the medical review panel process. And there can be no dispute that the non-diverse Defendants are necessary parties in this action. The alleged professional negligence of Dr. Bevrotte, for which Plaintiffs assert Children Hospital is liable as his employer, figures prominently in Plaintiffs' complaint such that in the absence of those Defendants the Court would not be able to "accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1).

Accordingly, the Court treats Plaintiffs' reply in support of their motion to remand,

---

[1] R. Doc. No. 13.

[2] R. Doc. No. 27.

1

which alerted the Court to their completion of the medical review panel process, as a motion for leave to amend their complaint to add the non-diverse Defendants, joinder of whom is now not improper.[3] After considering "the extent to which the purpose of the amendment is to defeat federal jurisdiction"—the Court determines that is not the purpose—"whether plaintiff[s] [have] been dilatory in asking for amendment"—the Court determines that they have not been—"whether plaintiff[s] will be significantly injured if amendment is not allowed"—the Court determines that they will be—and whether there are "any other factors bearing on the equities"—the Court determines there are not—leave to amend is granted. *Moore v. Manns*, 732 F.3d 454, 456 (5th Cir. 2013). As joinder of Dr. Bevrotte and Children's Hospital destroys complete diversity, the Court remands this matter to state court. 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may . . . permit joinder and remand the action to state court.").

**IT IS SO ORDERED.**

**New Orleans, Louisiana, this 2nd day of January, 2014**

                                             **SUSIE MORGAN**
                              **UNITED STATES DISTRICT JUDGE**

---

[3] R. Doc. No. 35.